UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

DARNEL JONES,

       Plaintiff,

v.                                   Case No. 8:19-cv-1415-T-NPM

COMMISSIONER OF SOCIAL
SECURITY

       Defendant.

_____

**OPINION AND ORDER**

Plaintiff seeks judicial review of a denial of Social Securing benefits. The Commissioner filed the Transcript of the proceedings (referred to as "Tr." followed by the appropriate page number). Plaintiff filed a Motion for Remand Under Sentence Six (Doc. 31)[1] and the Commissioner filed an Opposition (Doc. 32). As discussed in this opinion and order, the decision of the Commission is affirmed and the motion for remand is denied.

---

[1] While the Court required the parties to file a single joint memorandum (Docs. 19, 30), Plaintiff chose instead to file this motion for remand (Doc. 31).

## I.      Social Security Act Eligibility and the ALJ Decision

### A.      Eligibility

The law defines disability as the inability to do any substantial gainful activity by reason of any medically determinable physical or mental impairment that can be expected to result in death or that has lasted or can be expected to last for a continuous period of not less than twelve months.[2] The impairment must be severe, making the claimant unable to do his previous work or any other substantial gainful activity that exists in the national economy.[3]

### B.      Procedural History

On March 2, 2016, Plaintiff filed an application for a period of disability and disability insurance benefits and for supplemental security income. (Tr., pp. 97, 98, 240-254). Plaintiff asserted an onset date of January 24, 2014. (*Id.*, p. 242). Plaintiff's applications were denied on April 27, 2016, and upon reconsideration on August 2, 2016. (*Id.*, pp. 97, 98, 127, 128).

Administrative Law Judge Glen H. Watkins ("ALJ") held a hearing on June 12, 2018. (*Id.*, pp. 26-50). The ALJ issued an unfavorable decision on August 27, 2018, finding Plaintiff not disabled from January 24, 2014, through the date of the decision. (*Id.*, pp. 15-25).

---

[2] *See* 42 U.S.C. §§ 416(i), 423(d)(1)(A), 1382c(a)(3)(A); 20 C.F.R. §§ 404.1505, 416.905.

[3] *See* 42 U.S.C. §§ 423(d)(2), 1382c(a)(3); 20 C.F.R. §§ 404.1505 - 404.1511, 416.905 - 416.911.

On April 23, 2019, the Appeals Council denied Plaintiff's request for review. (*Id.*, pp. 1-6). Plaintiff then filed a Complaint (Doc. 1) with this Court on May 15, 2019, and the case is ripe for review.

### C.    Summary of the ALJ's Decision

An ALJ must perform a five-step sequential evaluation to determine if a claimant is disabled. *Goode v. Comm'r of Soc. Sec.*, 966 F.3d 1277 (11th Cir. 2020) (citing 20 C.F.R. § 416.920(a)(1)). This five-step process determines:

> (1) whether the claimant is engaged in substantial gainful activity; (2) if not, whether the claimant has a severe impairment or combination of impairments; (3) if so, whether these impairments meet or equal an impairment listed in the Listing of Impairments; (4) if not, whether the claimant has the residual functional capacity ("RFC") to perform his past relevant work; and (5) if not, whether, in light of his age, education, and work experience, the claimant can perform other work that exists in "significant numbers in the national economy."

*Atha v. Comm'r, Soc. Sec. Admin.*, 616 F. App'x. 931, 933 (11th Cir. 2015) (citing 20 C.F.R. §§ 416.920(a)(4), (c)–(g), 416.960(c)(2); *Winschel v. Comm'r of Soc. Sec.*, 631 F.3d 1176, 1178 (11th Cir. 2011)).

The governing regulations provide that the Social Security Administration conducts this "administrative review process in an informal, non-adversarial manner." 20 C.F.R. §§ 404.900(b), 416.1400. Unlike judicial proceedings, SSA hearings "are inquisitorial rather than adversarial." *Washington v. Comm'r of Soc. Sec.*, 906 F.3d 1353, 1364 (11th Cir. 2018) (quoting *Sims v. Apfel*, 530 U.S. 103,

111, (2000) (plurality opinion)). "Because Social Security hearings basically are inquisitorial in nature, '[i]t is the ALJ's duty to investigate the facts and develop the arguments both for and against granting benefits.'" *Id*. Indeed, "at the hearing stage, the Commissioner does not have a representative that appears 'before the ALJ to oppose the claim for benefits.'" *Id*. (quoting *Crawford & Co. v. Apfel*, 235 F.3d 1298, 1304 (11th Cir. 2000)). "Thus, 'the ALJ has a basic duty to develop a full and fair record. This is an onerous task, as the ALJ must scrupulously and conscientiously probe into, inquire of, and explore for all relevant facts.'" *Id*. (quoting *Henry v. Comm'r of Soc. Sec.*, 802 F.3d 1264, 1267 (11th Cir. 2015)).

Nonetheless, while the claimant is temporarily relieved of the burden of production during step five as to whether there are enough jobs the claimant can perform, the claimant otherwise has the burdens of production and persuasion throughout the process. *Id*. at 1359; *see also Bloodsworth v. Heckler*, 703 F.2d 1233, 1240 (11th Cir. 1983) ("The scheme of the Act places a very heavy initial burden on the claimant to establish existence of a disability by proving that he is unable to perform his previous work."); *Doughty v. Apfel*, 245 F.3d 1274, 1280 (11th Cir. 2001) ("[T]he overall burden of demonstrating the existence of a disability as defined by the Social Security Act unquestionably rests with the claimant."); 20 C.F.R. § 404.1512 (providing that the claimant must prove disability).

In this matter, the ALJ found Plaintiff last met the insured status requirements through March 31, 2015. (Tr., p. 17). At step one of the evaluation, the ALJ found Plaintiff had not engaged in substantial gainful activity since January 24, 2014, the alleged onset date. (*Id.*). At step two, the ALJ characterized Plaintiff's severe impairments as: "HIV; degenerative disc disease; peripheral neuropathy; impingement syndrome of the bilateral shoulders; history of meniscal tear in the left knee status post arthroscopy; depressive disorder; and personality disorder (20 CFR 404.1520(c) and 416.920(c))." (*Id.*). At step three, the ALJ determined Plaintiff did not have an impairment or combination of impairments that met or medically equaled the severity of a listed impairment. 20 C.F.R. §§ 404.1520(d), 404.1525, 404.1526, 416.920(d), 416.925, and 416.926. (*Id.*, p. 18).

As the predicate to step four, the ALJ arrived at the following RFC:

> After careful consideration of the entire record, the undersigned finds that the claimant has the residual functional capacity to lift up to 20 pounds occasionally and lift and carry up to 10 pounds frequently and light work as defined by the regulations (20 [C.F.R. §§] 404.1567(b) and 416.967(b)[)]. The claimant can stand or walk for approximately 6 hours per 8 hour workday and sit for approximately 6 hours per 8 hour workday with normal break. The claimant can occasionally perform overhead reaching. The claimant is limited to unskilled work, s.v.p. 1 or 2, simple routine repetitive tasks. The claimant is limited to occasional interaction with the public, occasional interaction with supervisors, occasional interaction with coworkers, and occasional changes in the work setting.

(*Id.*, pp. 19-20). Consequently, the ALJ found Plaintiff unable to perform his past relevant work as a secondary school teacher. (*Id.*, p. 23).

Finally, at step five, the ALJ found Plaintiff could perform jobs that existed in significant numbers in the national economy. (*Id.*, pp. 23-24). In support, the vocational expert identified three representative occupations an individual with Plaintiff's age (46), education (at least a high school education), work experience and RFC could perform:

> (1) poly packer and heat sealer, DOT 920.686-038, light, SVP 2;
>
> (2) marker, DOT 209.587-034, light, SVP 2; and
>
> (3) filter assembler, DOT 739.687-026, light, SVP 2.

(*Id.*, p. 24).[4] Relying on the vocational expert's testimony, the ALJ concluded Plaintiff was not under a disability from January 24, 2014, through the date of the decision. (*Id.*, p. 24).

---

[4] The DOT numbers refer to the *Dictionary of Occupational Titles* and its detailed explanations concerning each occupation's requirements. These descriptions include exertion and skill levels. Exertion refers to the work, in a purely physical sense, that the job requires, and it is divided into five categories: sedentary, light, medium, heavy and very heavy. Skill refers to how long it takes to learn the job, and it is divided into three categories: unskilled, semiskilled and skilled, with the "SVP" (Specific Vocational Preparation) providing further subdivision of the three skill categories into nine levels: SVP 1 and 2 are unskilled, SVP 3 and 4 are semiskilled, and SVP 5 through 9 are skilled.

## II. Analysis

Plaintiff argues this case should be remanded based on new evidence dated after the ALJ's August 27, 2018 decision. Specifically, Plaintiff attaches a medical record from an August 30, 2018 biopsy and diagnosis of prostate cancer with chronic prostatitis. (Doc. 31, p. 1; Doc. 31-1, p. 2-3; Doc. 32, p. 1). Plaintiff also attaches instructions for a transrectal ultrasound with possible biopsy, information about the ultrasound and biopsy, and an article on the symptoms of prostate cancer. (Doc. 31-1, pp. 4-8).

"Generally, a claimant is allowed to present new evidence at each stage of the administrative process, including before the Appeals Council." *Griffin v. Comm'r of Soc. Sec.*, 723 F. App'x 855, 857 (11th Cir. 2018) (citing 20 C.F.R. §§ 404.900(b), 404.970(b) (2016)). But new additional evidence that is presented to the Court and not to the administrative agency must be considered under a sentence six analysis. *Ingram v. Comm'r of Soc. Sec. Admin.*, 496 F.3d 1253, 1261 (11th Cir. 2007).

Sentence six remands are "entirely different" from Sentence Four remands. *Id.* at 1267. Sentence six presents a federal court "with the power to remand the application for benefits to the Commissioner for the taking of additional evidence upon a showing 'that there is new evidence which is material and that there is good cause for the failure to incorporate such evidence into the record in a prior proceeding.'" *Id.* (quoting 42 U.S.C. § 405(g)).

So to prevail, a claimant must establish: "'(1) there is new, noncumulative evidence; (2) the evidence is material, that is, relevant and probative so that there is a reasonable possibility that it would change the administrative result; and (3) there is good cause for the failure to submit the evidence at the administrative level.'" *Enix v. Comm'r of Soc. Sec.*, 461 F. App'x 861, 863 (11th Cir. 2012) (internal quotations omitted) (quoting *Caulder v. Bowen*, 791 F.2d 872, 877 (11th Cir. 1986)); *see also Vega v. Comm'r of Soc. Sec.*, 265 F.3d 1214, 1218 (11th Cir. 2001) (citation omitted) (finding same requirements to warrant a remand under sentence six). New evidence must also "relate to the period on or before the date of the administrative law judge's ("ALJ") decision." *Enix*, 461 F. App'x at 863 (citing *Wilson v. Apfel*, 179 F.3d 1276, 1279 (11th Cir. 1999)).

Plaintiff speculates he may have had prostate cancer on or before the date of the ALJ's decision (Doc. 31, p. 1), and argues that if the ALJ had the biopsy results at the time of the decision, "there is a reasonable probability the decision would have found his complaints of urinary frequency credible." (*Id.*).

The Court agrees the diagnosis of prostate cancer is new and non-cumulative. And while this new evidence is relevant, Plaintiff has not shown that this diagnosis would change the administrative outcome. Without any objective medical evidence, Plaintiff offers nothing more than conjecture that the diagnosis suggests his urinary frequency was of "a greater severity than [otherwise indicated by] earlier generated

medical evidence." (Doc. 31, p. 3). And this diagnosis did not alter the medical records relied on by the ALJ, including improvement in urinary frequency in 2014 and few recent medical records showing complaints of urinary frequency. The Court therefore finds there is not a reasonable possibility the new medical records submitted to the Court for the first time would change the administrative result.

Moreover, Plaintiff has failed to show good cause for failing to submit the evidence at the administrative level. *Enix*, 461 F. App'x at 863. Indeed, Plaintiff makes no attempt to explain why the biopsy report was not submitted to the Appeals Council prior to the date it denied review even though the report was in Plaintiff's hands at that time. *See McGriff v. Comm'r, Soc. Sec. Admin.*, 654 F. App'x 469, 473 (11th Cir. 2016) (finding the district court correctly denied remand under sentence six when the plaintiff failed to show good cause why the evidence that was authored seven months after the ALJ's decision but well before the Appeals Counsel denied request for review was not submitted to the Appeals Council). Therefore, the request for remand under sentence six must be denied.

## III.   Conclusion

Upon consideration of the submissions of the parties and the administrative record, the Court finds substantial evidence supports the ALJ's decision and further finds remand pursuant to sentence six is not warranted. While Plaintiff may have shown the attached medical records were new, noncumulative and relevant, Plaintiff

failed to establish good cause for the failure to submit this evidence at the administrative level, and failed to show there was a reasonable possibility this new evidence would change the administrative result.

It is **ORDERED** that the Motion for Remand Under Sentence Six (Doc. 31) is **DENIED** and the decision of the Commissioner is affirmed. The Clerk of Court is directed to enter judgment accordingly, terminate any pending motions and deadlines, and close the case.

**DONE** and **ORDERED** in Fort Myers, Florida on November 30, 2020.

NICHOLAS P. MIZELL
UNITED STATES MAGISTRATE JUDGE